UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY RENEE' NASH, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 7:22-cv-01372-RDP-SGC |
| CHAD GARRETT, Warden, | ) ) ) |
| Respondent. | ) |

**REPORT AND RECOMMENDATION**

The petitioner, Kimberly Renee' Nash, a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).[1] The respondent, Warden Chad Garrett,[2] has moved to deny and/or dismiss the petition. (Doc. 10). In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the court assigned Garrett's motion to the undersigned magistrate judge for a preliminary report and recommendation. For the reasons set forth below, the undersigned recommends the court deny Nash's petition.

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

[2] Although Nash named Warden Neely as the respondent, Chad Garrett appeared on March 27, 2023, stating he was the proper respondent as the Warden of Federal Correctional Institution-Aliceville, the facility in which Nash resided when she filed this petition. (Docs 1, 6).

## I. Facts and Procedural History

In July 2011, Nash was arrested by Texas state authorities for evading arrest and aggravated assault of a public servant. (Doc. 10-4 at 1). The following month, she was indicted in the United States District Court for the Western District of Texas for bank robbery in violation of 18 U.S.C. § 2113(a). (Doc. 10-4 at 1). She was taken into federal custody in September 2011, and in February 2012, the federal court sentenced her to 151 months imprisonment to be followed by three years of supervised release. (Doc. 10-4 at 2; Doc. 10-5 at 15-16). The federal judgment did not state whether her federal sentence was to be concurrent or consecutive to the sentence in her pending state charges. (Doc. 10-5 at 15). Following Nash's federal sentencing, she was returned to state custody, and in July 2012, she was sentenced by a Texas state court to a 20-year term of imprisonment. (Doc. 10-4 at 2; Doc. 10-5 at 27).

Nash moved the federal trial court to have her state and federal sentences run concurrently, but the court denied that motion, stating that if it "intended for Nash's federal sentence to be run concurrently with her anticipated state sentence, the court would have stated so in the judgment." (Doc. 10-5 at 39). On appeal, the Fifth Circuit affirmed the district court's decision. (Doc. 10-5 at 40).

In August 2021, Nash was paroled by Texas state authorities and released to federal custody to begin her sentence for bank robbery. (Doc. 10-4 at 2). On

2

November 17, 2022, the Federal Bureau of Prisons ("BOP") reviewed Nash's sentence after she asked for a retroactive sentence credit.³ (Doc. 10-4 at 3). The BOP concluded a retroactive sentence credit was inappropriate because, among other things, the federal sentencing court did not intend Nash's sentences to concurrently. (Doc. 10-4 at 3).

Nash filed this habeas petition on October 22, 2022.⁴ (Doc. 1). She argues her state and federal sentences should have run concurrently because those charges all arose from the same spree of crimes and the state and federal judges never expressly stated a concurrent sentence was not possible. She also requests a reduction in her sentence on the basis she is elderly because, even though she is only 53, she suffers from several health conditions. Finally, she seeks credit under the First Step Act ("FSA") for her participation in certain programming and good conduct.

On February 24, 2023, the court ordered Garrett to show cause why Nash's petition should not be granted. (Doc. 5). Garrett filed a response asking the court to deny and/or dismiss Nash's petition without an evidentiary hearing. (Doc. 10).

---

³ This is known as a Barden review. *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).

⁴ Pursuant to the "prison mailbox rule," a pro se prisoner's submission is deemed filed on the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, is presumed to be the date it is executed. See *Houston v. Lack*, 487 U.S. 266, 275–76 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Nash executed her § 2241 habeas petition on October 22, 2022. (Doc. 1 at 10). Therefore, while the docket sheet indicates the petition was filed on October 26, 2022, the petition is deemed filed on October 22, 2022.

Garrett contends Nash's petition should be denied on the merits and because she failed to exhaust her administrative remedies.

In May 2023, the undersigned notified Nash the court deemed the case ripe for summary disposition and she had the right to file affidavits or other materials in opposition to Garrett's response. (Doc. 11). Nash filed her reply later that month. (Docs. 12-13). Accordingly, this matter is ripe for review.

**II. Analysis**

Garrett argues the petition should be denied because Nash did not exhaust her administrative remedies. "Although the exhaustion requirement of the Prison Litigation Reform Act ('PLRA'), 42 U.S.C. § 1997e(a), does not apply to habeas petitions, § 2241 petitioners nevertheless are required to exhaust their administrative remedies before habeas relief can be granted." *Watkins v. Haynes*, 445 F. App'x 181, 183–84 (11th Cir. 2011) (citing *Skinner v. Wiley*, 355 F.3d 1293, 1294 (11th Cir. 2004), *abrogated on other grounds as recognized by Davis v. Warden, FCC Coleman-USP I*, 661 F. App'x 561, 562 (11th Cir. 2016)); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 474–75 (11th Cir. 2015) (citations omitted). "The Attorney General has the authority to determine what credit, if any, is due a prisoner for time served, and the Attorney General has delegated the right to make this determination to the Bureau of Prisons." *Jaimes v. United States*, 168 F. App'x 356, 358 (11th Cir. 2006) (citing *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995); *United States*

*v. Lucas*, 898 F.2d 1554, 1555–56 (11th Cir. 1990)). Therefore, "[a] prisoner seeking credit against his sentence for time in custody must exhaust BOP administrative remedies" prior to filing a § 2241 habeas petition in federal court. *Id.*; *see also United States v. Nyhuis*, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies.").

To exhaust administrative remedies, an inmate must engage in the BOP's four step process: (1) she must attempt to informally resolve her complaint with prison staff; (2) if unsatisfied, she must submit a Request for Administrative Remedy to the warden by filing a Form BP-9; (3) if unsatisfied, she must appeal to the Regional Director using Form BP-10; and (4) if unsatisfied, she must appeal to the Office of the General Counsel through Form BP-11. *See* 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a); *see also Shivers v. United States*, 1 F.4th 924, 935 (11th Cir. 2021). "If accepted, a Request or Appeal is considered filed on the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18.

According to BOP Attorney Advisor Michael Figgsganter, the BOP has no record of Nash submitting any administrative remedy forms related to the calculation of her sentence. (Doc. 10-1 at 3). Figgsganter attached to his affidavit a copy of the BOP's Administrative Remedy Generalized Retrieval inquiry relating to Nash which

5

reflects that Nash has not engaged in the administrative remedy process for any issue, including those raised in her petition. (Doc. 10-3).

In her response, Nash does not directly address Garrett's failure-to-exhaust argument, stating only that she has repeatedly demonstrated efforts to correct her sentence. (Doc. 12 at 1). Nash's petition, however, reflects no efforts to engage in the administrative remedy process. (Doc. 1 at 2-5). When completing the court's § 2241 form, Nash included only information regarding the appeal of her sentence[5] and a 2021 motion filed in her underlying federal criminal case in which she again asked the district court to credit her federal sentence with the time she served in state prison.[6] (Doc. 1 at 2-3). Nash included no information regarding her attempt to engage in BOP's administrative remedy process in either her petition or her reply to Garrett's motion. The record therefore contains no facts or other evidence to suggest Nash engaged in or completed the BOP's administrative remedy process and thus exhausted her administrative remedies before she sought relief in this court.

---

[5] *United States v. Nash*, 554 F. App'x 296 (5th Cir. 2014); *see also* Doc. 10-5 at 40.

[6] *See United States v. Nash*, 1:11-cr-00453-JRN (W.D. Tex. Oct. 12, 2021), ECF Nos. 60, 61; *see also* Doc. 10-5 at 44.

Accordingly, her petition is due to be denied[7] because she failed to exhaust her administrative remedies.[8]

## III. Recommendation

For the foregoing reasons, the undersigned recommends the court deny Nash's habeas petition for failure to exhaust her administrative remedies.

## IV. Notice of Right to Object

Any party may file specific written objections to this report and recommendation. Any objections must be filed with the Clerk of Court within **14 days.** The parties must identify every objectionable finding of fact or recommendation and state the specific basis for every objection. Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

---

[7] *See Davis*, 661 F. App'x at 563 ("However, because the failure to exhaust administrative remedies is no longer a jurisdictional prerequisite to suit, we construe the district court's dismissal as a denial, and affirm with that understanding because the distinction makes no significant difference in this case.").

[8] Because the exhaustion requirement in § 2241 cases is a "judge-made rather than [a] jurisdictional" requirement, sometimes "the interests of the individual weigh heavily against requiring administrative exhaustion." *See Shorter v. Warden*, 803 F. App'x 332, 336 (11th Cir. 2020) (internal quotation marks and citations omitted). The Supreme Court has identified three circumstances that meet this criteria: (1) where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action;" (2) where "an administrative remedy may be inadequate because of some doubt as to whether the agency was empowered to grant effective relief;" and (3) where "an administrative remedy may be inadequate where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *See McCarthy v. Madigan*, 503 U.S. 140, 146–48 (1992) (internal quotation marks and citations omitted). The record reflects no evidence suggesting the court should excuse Nash's failure to exhaust her administrative remedies.

A party who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving any objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

A party may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. A party may only appeal from a final judgment entered by a District Judge.

**DONE** this 9th day of February, 2024.

STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE