UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| KIMBERLY RENEE' NASH, | ) |
| Petitioner, | ) |
| v. | ) Case No. 7:22-cv-01372-RDP-SGC |
| CHAD GARRETT, Warden, | ) |
| Respondent. | ) |

### MEMORANDUM OPINION AND ORDER

Petitioner, Kimberly Renee' Nash, a federal inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). On February 9, 2024, the Magistrate Judge entered a Report and Recommendation recommending the court deny the petition because Nash did not exhaust her administrative remedies. (Doc. # 15).

On March 4, 2024, the court received from Nash an objection to the Report and Recommendation, as well as a request for an unspecified extension to the objection period. (Doc. # 16). While Nash states she objects to the factual basis of the Report and Recommendation, she does not identify any disputed fact. Nash also states she has sought legal help and would prefer counsel to handle her petition going forward, but she does not identify her counsel or otherwise describe her efforts to retain counsel. (*Id*.).

Nash filed her petition in October 2022. (Doc. # 1). After Warden Garrett responded to the court's Order to Show Cause in May 2023, Nash was advised the case was ripe for summary disposition and she had the right to file affidavits or other materials in opposition to Garrett's response. (Doc. # 11). She did so. (Docs. # 12, 13). In her response, however, she did not address Warden Garrett's argument that she failed to exhaust her administrative remedies—the basis of the Magistrate Judge's Report and Recommendation.

This case has been pending for more than 16 months, and Warden Garrett's motion has been pending for more than 10 months. Nash has proceeded *pro se* throughout this action, and she did not suggest she would seek counsel until after the Magistrate Judge recommended her petition be denied. Even now, she does not identify her proposed counsel. While she is of course free to retain counsel for any appeal, the court will not delay the resolution of this case on this basis.

Second, Nash did not identify any factual finding with which she takes issue. While the court understands Nash would prefer to hire counsel to address legal issues, a lay person can identify any plain errors of fact in the Magistrate Judge's Report and Recommendation.

Finally, because Nash did not address the exhaustion issue in response to Warden Garrett's motion, she would necessarily be raising new issues as a basis to object to the Report and Recommendation. The district court is not required to consider any argument raised for the first time in an objection to a Magistrate Judges report and recommendation. *Williams v. McNeil*, 557 F.3d 1287, 1290-92 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). Therefore, even assuming Nash hired counsel who could address the question of exhaustion in an objection, those arguments would come too late in the proceedings.

After careful consideration of the record in this case, the Magistrate Judge's Report and Recommendation, and Nash's objection, the court **OVERRULES** the objection (Doc. # 16), **ADOPTS** the Report, and **ACCEPTS** the recommendation. (Doc. # 15). Consistent with that recommendation, the court finds Nash's petition is due to be denied. Nash's request for an extension of the objection period is denied. (Doc. # 16).

A final judgment will be entered separately.

**DONE** and **ORDERED** this March 5, 2024.

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　**R. DAVID PROCTOR**
　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE